# EXHIBIT F

IN THE MATTER OF:

Joseph F. Grillo, MD
License No.: MD 11095
Case No. C11-0125

**<u>PRE-HEARING MEMORANDUM OF THE
RHODE ISLAND BOARD OF MEDICAL LICENSURE AND DISCIPLINE</u>**

This matter arises from a Consent Order entered by the Rhode Island Board of Medical Licensure and Discipline ("Board") regarding the medical license of Joseph F. Grillo, MD ("Grillo"). As discussed more fully below, the March 11, 2020 Consent Order ("Consent Order") reinstated Dr. Grillo's license to practice medicine in the state of Rhode Island, on a probationary basis. He was required to undergo frequent and strict alcohol testing through the Rhode Island Physician Health Program ("RI-PHP"). Dr. Grillo failed to comply with the testing requirements and, on July 23, he notified the RI-PHP that he would not undergo the requested testing. On August 6, 2024, the Rhode Island Physician Health Committee of the Rhode Island Medical Society met and unanimously voted to terminate Dr. Grillo's participation in the RI-PHP program due to his failure to comply with testing requirements. Since Dr. Grillo was no longer a participant, he violated the express terms of the Consent Order and, on August 21, 2024, the Director of Health, Dr. Jerome Larkin, summarily suspended his license.

**I.      <u>PROCEDURAL AND FACTUAL BACKGROUND</u>**

By way of background, Dr. Grillo was first licensed as a physician in the state of Rhode Island on February 12, 2003. On February 12, 2007, the Board placed him on probation for a five-year period while he participated in the RI-PHP. On February 11, 2011, prior to the completion of probation, Dr. Grillo was charged with: operating a motor vehicle under the influence of alcohol, negligent operation of a motor vehicle, leaving the scene of an accident, not

possessing a vehicle registration, and breaking and entering a building, with destruction of property.

On February 22, 2011, the Director of the Rhode Island Department of Health ("Director") summarily suspended Dr. Grillo's medical license and controlled substance registration. He pleaded guilty to driving under the influence and was fined and ordered to pay restitution for the damage caused from the automobile accident. Dr. Grillo was found to be in violation of R.I. Gen. Laws § 5-37-5.1(15), which defines "unprofessional conduct" to include "[d]ependence upon controlled substances, habitual drunkenness, or rendering professional services to a patient while the physician or limited registrant is intoxicated or incapacitated by the use of drugs."

Dr. Grillo continued to work with the RI-PHP program for nearly three years to address the events relating to the February 2011 suspension. In 2013, he requested to be reinstated to practice medicine in Rhode Island. After producing evidence of remission, his license was reinstated on January 8, 2014, pursuant to a Consent Order ratified by the Board, which set forth a number of conditions, including a requirement that he follow the testing and monitoring requirements of the RI-PHP. On October 13, 2015, Dr. Grillo surrendered his license due to his failure to comply with the terms of the 2014 Consent Order.

Dr. Grillo approached the Board in 2020 to request that his medical license be reinstated due to his compliance with the RI-PHP recommendations and program. He produced evidence of remediation and continuous treatment for his underlying substance use disorder. He also produced a forensic psychiatry evaluation determining that he was fit to return to the practice of medicine. Dr. Grillo engaged a monitoring program to verify and maintain his clinical recovery. The Board determined that he provided sufficient evidence of clinical competence by continuing

to maintain Board certification with the American Board of Internal Medicine and also by providing evidence that he successfully completed a significant number of continuing medical education (CME) credits.

### A.     Most Recent Consent Order and Intentional Violation of Its Express Terms

The evidence will establish that on March 11, 2020, the Board reinstated Dr. Grillo's license under a probationary period for 10 years so long as he remained compliant with each and every term and condition of the Consent Order. One of the conditions was his participation and compliance with the RI-PHP program, including its monitoring and testing recommendations. The monitoring program required aggressive oversight and testing of blood, urine and other samples for possible alcohol or drug abuse. Dr. Grillo was required to utilize Sober Link (a portable breathalyzer) three times daily for routine testing. He likewise was required to continue treatments with his primary care physician, addiction medicine physician, and psychiatrist and was further required to notify the Board and or RI-PHP of any substantive changes in his treatment.

The requirements set forth in the March 11, 2020 Consent Order were required by the Board in order for Dr. Grillo to maintain his probationary status. Despite the clear requirements set forth under the 2020 Consent Order, numerous violations of its terms were recently reported by RI-PHP. The evidence will establish that on June 17, 2024, RI-PHP received notification from Sober Link of a positive breathalyzer test result from a test conducted on June 13. Because more than 72 hours had elapsed, rendering confirmatory urine testing inappropriate, a Phosphatidylethanol (PEth) test was scheduled for June 20, and then later changed to June 24. Dr. Grillo did not appear for the test on June 24. He instead appeared for a specimen collection

for the PEth test on June 25.  Due to a staffing error, the chain of custody was not properly documented for the specimen to be used for the PEth test.

The PEth test was self-administered on July 2 or 3, 2024 at his home.  However, Recovery Trek (the testing laboratory) informed RI-PHP that the video recording of the scheduled in-home test showed that the test was invalidated because Dr. Grillo stepped away from the smartphone camera and also because he filled the collection tube using a non-approved method, by drawing capillary blood instead of whole blood. In order to redress the invalidated test results, RI-PHP instructed Dr. Grillo to appear for a fingernail test at a collection lab located in North Providence.  Despite the clear order provided by RI-PHP, Dr. Grillo notified the program that he would not undergo the fingernail test.

The Chair of the RI-PHP, Dr. Martin Kerzer, emailed Dr. Grillo to remind him that the RI-PHP is obligated to monitor his compliance under the terms of the Board's Consent Order. Dr. Kerzer explained that the fingernail test was mandatory due to the length of time that transpired since Dr. Grillo's positive breathalyzer test results of June 13, 2024.  Despite the admonitions by RI-PHP, Dr. Grillo remained non-compliant with the RI-PHP instructions and refused to appear for the fingernail test.

The evidence will further establish that in addition to the noncompliance with the RI-PHP requests, Dr. Grillo also missed numerous breathalyzer tests scheduled in June and July of 2024, including June 20, 24, and July 1, 8, 9, 26, 27 and 31.  He was also late in performing breathalyzer tests scheduled on June 14 and 26, and July 3, 13, 15, 16, 20, 22, 23.  In total, during the months of June and July 2024, Dr. Grillo missed 9 scheduled breathalyzer tests and was late in performing 16 additional breathalyzer tests.

As a result of his non-compliance with the RI-PHP monitoring program, the Rhode Island Physician Health Committee met on August 6, 2024, and unanimously voted to terminate Dr. Grillo's monitoring agreement and participation in the RI-PHP program. Participation in the program is not an option. It was one of the most important conditions to the Board's decision to return Dr. Grillo's license on a probationary basis. The March 11, 2020 Consent Order expressly requires Dr. Grillo to remain fully compliant with each and every monitoring and testing requirement imposed by RI-PHP. *See*, March 11, 2020 Consent Order at ¶5(e), p. 5.

Dr. Grillo's actions constitute unprofessional conduct under R.I. Gen. Laws §5-37-5.1(24)(unprofessional conduct includes the violation of "any provision or provisions of this chapter or the rules and regulations of the Board or any rules or regulations promulgated by the Director *or of an action, stipulation, or agreement of the Board"*)(emphasis provided). The conduct subjects Dr. Grillo to further disciplinary action by the Director, including the possibility of a suspension of his license. *See*, March 11, 2020 Consent Order at ¶7, p. 6. Director Larkin exercised his statutory authority, and pursuant to ¶ 7 of the aforesaid Consent Order, imposed additional discipline upon Dr. Grillo for the repeated and unilateral violations of the Consent Order in the form of an immediate suspension.

It is respectfully submitted that there are no facts in dispute in this matter. Rather, the singular, and indeed dispositive question is whether Dr. Grillo had the unilateral authority to decline to undergo the testing required by the program. Neither the Consent Order, nor the terms of his agreement with RI-PHP, afford Dr. Grillo such discretion. That simply is not how probation works. The Board submits that the license of Dr. Grillo must remain suspended in accordance with Director Larkin's Order of August 21, 2024 and the Board further requests that this Hearing Officer revoke his license indefinitely. The Board also requests that an assessment

of fees and administrative costs be imposed not to exceed $30,000, in accordance with R.I. Gen.

Laws § 5-37-6.3(8).

The Rhode Island Board of Medical Licensure and Discipline,
By its Attorney,

Raymond A. Marcaccio, Esquire
OLIVERIO & MARCACCIO LLP
30 Romano Vineyard Way, Suite 109
North Kingstown, RI 02852
(401) 861-2900
ram@om-rilaw.com

## CERTIFICATION OF SERVICE

I hereby certify that a true copy of the foregoing was sent, via electronic mail, to the following on this 27th day of August 2024:

Joseph F. Grillo, MD
jfgrillo1@gmail.com

Raymond A. Marcaccio, Esquire